IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BRUCE BERNARD TOWNSEND,

    Petitioner,

vs.

ANTHONY HAYNES, Warden,

    Respondent.

CIVIL ACTION NO.: CV211-160

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Bruce Bernard Townsend ("Townsend"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Townsend filed a Traverse. For the reasons which follow, Townsend's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Townsend was arrested in Georgia by state authorities, in February 2009, and charged with violations of the Georgia Controlled Substances Act, driving without a license, and giving a false name. (Doc. No. 16, p. 5). In relation to the same set of circumstances, in December 2009, Townsend was arrested for violation of his federal supervised release. (Doc. No. 16, p. 6). In February 2010, Townsend was determined to be in violation of his federal supervised release conditions and was committed to the

custody of the Bureau of Prisons ("BOP") to serve a 36-month term of imprisonment. (Id.). Townsend is presently serving that term of imprisonment.

From July 2010 to August 2010, Townsend was temporarily transferred to the custody of the State of Georgia, on detainer, for disposition of his state charges stemming from the February 2009 arrest. (Doc. No. 16, p. 7). In September 2010, Townsend was again transferred to state custody on detainer. (Id.). On September 28, 2010, in the Superior Court of Fayette County, Townsend was convicted for giving a false name and date of birth, in February 2009, resulting in a sentence of 12 months' imprisonment to be served concurrently with his federal sentence. (Id.). According to BOP records, the Fayette County detainer has been satisfied and Townsend has no outstanding detainers remaining. (Doc. No. 16-1, pp. 27, 57).

In the instant petition, Townsend alleges that his temporary transfer to the custody of the State of Georgia was in violation of the Interstate Agreement on Detainers Act ("IADA") and the due process clause of the Fifth Amendment. Additionally, he alleges that the BOP violated the Freedom of Information Act ("FOIA") by refusing to provide him with copies of certain detainer records relating to his temporary transfer to state custody. Respondent contends, among other things, that Townsend's petition should be dismissed as improperly brought pursuant to § 2241.

## DISCUSSION AND CITATION OF AUTHORITY

When a prisoner challenges "the fact of his conviction or the duration of his sentence," those claims "fall within the core of habeas corpus" petitions. Nelson v. Campbell, 541 U.S. 637, 643 (2004) (internal punctuation and citation omitted). "By contrast, constitutional claims that merely challenge the conditions of a prisoner's

2

confinement . . . fall outside of that core and may be brought pursuant to" a civil rights action. Id. (citations omitted). The results of a successful habeas corpus petition and a successful civil rights action vary greatly. Habeas corpus "traditionally has been accepted as the specific instrument to obtain release from unlawful confinement." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (internal punctuation and citation omitted). Successful constitutional challenges to the conditions of a prisoner's confinement, however, entitle the prisoner only to a correction of the unconstitutional conditions, not to release from confinement. Gomez v. United States, 899 F.2d 1124, 1126 (11th Cir. 1990) (citations omitted).

Townsend has not challenged the legality of his federal conviction or sentence, for which he is currently confined.[1] Townsend asserts that the alleged violations of IADA, the Fifth Amendment, and FOIA negatively affected his defense in his September 2010 state court criminal proceeding. However, even if Townsend were successful on these claims, he would not obtain expedited release from confinement because he is currently confined pursuant to a federal sentence and his state sentence is deemed satisfied. (See Doc. No. 16-1, pp. 27, 57). Townsend has failed to state a claim for § 2241 relief.

To the extent that Townsend argues that the alleged IADA and FOIA violations infringed on his constitutional rights, those civil rights claims would appropriately be brought in an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). To the extent that Townsend argues that his

---

[1] Townsend asserted that he should be released from FCI Jesup and placed in a halfway house or on home-confinement based on certain conditions of his confinement at FCI Jesup. Those claims were dismissed in an Order dated December 6, 2011. (Doc. No. 5).

3

state conviction was unconstitutional, he should pursue appropriate state court remedies.

## **CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Townsend's § 2241 petition be **DISMISSED**, without prejudice.

**SO REPORTED** and **RECOMMENDED**, this 25th day of January, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)